UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 15-cr-20097

v.                                    Honorable Thomas L. Ludington

AMEER JAN KIANI,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF**

The Government filed an Information against Defendant Ameer Kiani on February 24, 2015 charging him with making threats against former presidents. ECF No. 10. On April 8, 2015, Kiani entered into a plea agreement whereby he pled not guilty only by reason of insanity, see 18 U.S.C. § 4243. A plea hearing was held that same day. Kiani's plea was accepted and, on May 5, 2015, a special verdict was entered reflecting his plea of not guilty only by reason of insanity. See Sp. Verd., ECF No. 19.

The Special Verdict committed Kiani to the custody of the Bureau of Prisons and scheduled an evidentiary hearing where Kiani had the burden, under 18 U.S.C. § 4243(d), "of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). An evidentiary hearing was held on June 8, 2015. Kiani presented evidence at the hearing and at the close of proofs the Court found that defendant Kiani failed to meet his burden of proof to establish by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of

property of another due to present mental disease. Kiani was committed to the custody of the Attorney General, to be held in a suitable facility until his mental condition is such that his release, or his conditional release under prescribed regimen of medical, psychiatric or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another.

Under 18 U.S.C. § 4243(d), "[w]hen the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." When such a certificate is sent, the Court must either release the defendant, here Kiani, or hold a hearing "to determine whether he should be released." Id.

Problematic for Kiani, and prompting his current motion, is that under 18 U.S.C. § 4247(e)(1)(B) the director of the facility in which Kiani is held prepares a report concerning the need for his continued commitment once per year. This process is not sufficiently speedy for Kiani, who seeks more immediate release. He has moved, under 18 U.S.C. § 4247(h), for a hearing to be held on his suitability for release from custody in advance of the one year reporting period. Section 4247(h) states:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the

> motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government.

Although the statute contemplates an expedited hearing in advance of a report from the facility director overseeing Kiani, it does not entitle Kiani to such a hearing. The hearing that Kiani seeks to obtain would be not different than the evidentiary hearing that preceded his commitment to the facility where he is currently held. That is, Kiani would still need to demonstrate that "(1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another . . . or (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(1)&(2).

Allowing Kiani to obtain the evidentiary hearing he seeks without any explanation of the proofs he would present during the hearing would be an exercise in futility. At least one court has held that under 18 U.S.C. § 4247(h) a defendant must make a reasonably specific offer of proof to obtain the sought after hearing. *United States v. Cooke*, Case No. 5:09HC02034, ECF No. 148 (E.D.N.C. Dec. 17, 2013) (also see other cases from the Eastern District of North Carolina holding same). That approach is sound. And under that approach, Kiani is not entitled to a hearing. As Kiani himself admits, he has no evidence that his condition has materially improved such that he can produce any, let alone some evidence that would help him meet his burden. Kiani seeks only to present his own testimony at the hearing with nothing more. This is the same approach that resulted in his commitment on June 8, 2015 when a medical expert testified that Kiani should not be released. Kiani has no medical evidence to present. He cites to the Government's response where the Government quotes one of Kiani's physicians as explaining that he is "doing well from a treatment standpoint." But this statement comes with the

- 4 -

caveat that there are still risk factors to be assessed and that Kiani is on the normal one-year risk-assessment schedule.

While the Court could order an expedited report, there is nothing in the record to justify this relief. The fact that Kiani is responding well to treatment is indeed positive. But it tells nothing about the current state of his mental health or his ability to meet his burden of proof at a hearing. If Kiani obtains medical evidence supporting his ability to meet his burden of proof at an evidentiary hearing, this order may be revisited. Short of that, an evidentiary hearing will not be held on the basis of conjecture and in the absence of medical evidence. Kiani's motion will be denied.

Finally, Kiani included a subsidiary request in his motion. He asks that the Court "enter an order transferring custody to the State of Michigan Department of Mental Health, his home state." ECF No. 21 at 2. But he does not include any authority supporting the claim that the Court has that authority. In fact, the statute under which Kiani was committed demonstrates the opposite: that his detention is committed to the discretion of the Attorney General, who must place him in a suitable facility to meet his medical needs. Kiani's request for transfer will not be granted.

Accordingly, it is **ORDERED** that Defendant Ameer Kiani's motion for relief, ECF No. 21, is **DENIED**.

Dated: January 22, 2016            s/Thomas L. Ludington  
                                                                THOMAS L. LUDINGTON  
                                                                 United States District Judge

- 5 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2016.

                                      s/Michael A. Sian
                                      MICHAEL A. SIAN, Case Manager