**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 1:15-cr-20097

v.                                                 Honorable Thomas L. Ludington

AMEER JAN KIANI,

        Defendant.

_____/

## ORDER DENYING MOTIONS FOR RELEASE FROM GOVERNMENT CUSTODY AS PREMATURE

Defendant Ameer Jan Kiani was charged with the felony offense of Threats Against Former Presidents, 18 U.S.C. § 879. He was found to be Not Guilty Only by Reason of Insanity of the offense on May 5, 2015. ECF No. 19. Kiani was then committed to the custody of the Attorney General until Kiani could establish that his release would not create a substantial risk of serious bodily injury to another or serious damage to property of another. ECF No. 20. Kiani was hospitalized at the Federal Medical Center – Devens in Massachusetts.

On March 21, 2017, the Court received the Federal Medical Center's Risk Assessment Panel Report for 2017. That Report concluded that Kiani had recovered sufficiently to be released, but only pursuant to a conditional release plan. The Report did not provide a conditional release plan or indicate whether one would be forthcoming from the Panel. On April 18, 2017, the Court corresponded with the Panel. In the letter, the Court explained that 18 U. S. C. § 4243 requires the director of the facility where a person has been hospitalized to certify that the committed person no longer poses a substantial risk of bodily injury or serious damage to property and also certify that a prescribed regimen is appropriate, if conditional release pursuant to such a regimen is

necessary. The Court requested the Panel to confirm that a conditional release plan was being prepared.

In May 2017, the Court received an email from defense counsel which indicated that the details of a conditional release plan were being finalized. Because no further information was received, the Court ordered the parties to submit a status report by July 17, 2017. ECF No. 44. The Government's status report indicated that a conditional release plan had not been finalized but was the subject of considerable effort and would be forthcoming. On July 18, 2017, Kiani filed a third motion for release. ECF No. 45. In the motion, Kiani, by counsel, indicated that the hospital employee (not identified) "in charge of Defendant's care plan finally . . . indicated he was not satisfied with the family's plan." *Id.* at 1. Defense counsel then contended that the Government proposed a "groups home scenario" for the conditional release plan, but Kiani indicated that his family was financially unable to pay for a spot in a group home. Kiani also questioned the necessity of certain aspects of the conditional group plan.

On July 26, 2017, the Court issued an order scheduling a hearing on Kiani's motions for release and directing representatives from the hospital to appear in Bay City, Michigan. ECF No. 46. On September 18, 2017, that hearing was held. Dr. Channell, the Chair of the Risk Assessment Panel which authored the report received on March 21, 2017, and Jennifer Lee Ramos, a social worker responsible for identifying a placement for Kiani, were present. During the hearing, the Court was provided with new information, including Dr. Channell's belief that Kiani could only safely be released to an in-patient psychiatric facility with the resources to provide significant oversight for Kiani. Ms. Ramos then detailed her extensive efforts to find a placement for Kiani which met that criteria, indicating that limited options exist. Specifically, Ms. Ramos explained that most eligible facilities have limited space and that many facilities are unwilling to consider

Kiani given his psychological circumstances and criminal record. But Ms. Ramos did identify one facility in northern Michigan (North County Community Mental Health) that was willing to consider admitting Kiani, subject to an interview. Arrangements were made for Kiani to be interviewed by a representative of that facility while he was still in Michigan. After the Court scheduled a telephonic status conference for October 23, 2017, the hearing was adjourned.

On October 23, 2017, that telephonic status conference was held. The Court was informed that North County Community Mental Health had interviewed Kiani and determined that it was not equipped to provide the level of care he requires. Specifically, the report found that Kiani required "Medically Managed Residential Services which is the most intense level of care on continuum." Oct. 13, 2017, Interview Rep at 1. The report further stated that "[t]raditionally this level of care is provided in hospital settings, but could, in some cases, be provided in free-standing non-hospital setting." *Id.* A follow-up status conference was scheduled for November 7, 2017, to give all parties an opportunity to review the report.

On October 30, 2017, Kiani filed a fourth motion for release. ECF No. 51. In that motion, Kiani challenges the Government's contention that he has a history of violence. Kiani also strongly opposes the Government's suggestion that Kiani might need to be released to a facility outside of Michigan (or at least not in the northern part of Michigan, where Kiani's family resides). Kiani asserts that, contrary to the Government's contention, his family could provide a strong support system which would be adequate to enable his recovery. Kiani requests an evidentiary hearing so that Kiani's mother could explain why he should be released directly to his family.

On November 7, 2017, a telephonic status conference was held where Kiani's attorney reasserted his belief that Kiani was not dangerous and could safely be released to live with his mother. For the following reasons, Kiani's motions for release are premature and will be denied.

# I.

Kiani was hospitalized under 18 U.S.C. § 4243. Pursuant to § 4243(f), Kiani may be discharged pursuant to the following procedure:

> When the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. . . . The court shall order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by the standard specified in subsection (d) that the person has recovered from his mental disease or defect to such an extent that—
>
> > (1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
> >
> > (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall—
> >
> > > (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
> > >
> > > (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.
>
> The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

*Id.*

Section 4243(d) provides that Kiani "has the burden of proving by *clear and convincing evidence* that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." *Id.* (emphasis added).

**II.**

Thus, § 4243 specifies that a hearing on discharge is appropriate *only after* "the director of the facility . . . determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of . . . treatment, would no longer create a substantial risk of bodily injury to another person." *Id.* at 4243(f). Upon receipt of that certification by the director the facility, the Court may hold a hearing to determine whether discharge is appropriate. *Id.* The statute does not contemplate a sua sponte discharge in the absence of a medical recommendation that it is safe to do so.

And that limitation is both appropriate and reasonable. The Court is not a medical professional. Accordingly, the Court should appropriately defer to the opinions of the medical professionals who have examined Kiani and opined on his recovery. Both Dr. Channell and the North County Community Mental Health have very clearly concluded that Kiani needs treatment in a highly-structured, residential setting. At the September 18, 2017, hearing, Dr. Channell specifically asserted that Kiani could not be safely released to live with his family, at least at this time. To the contrary, Dr. Channell indicated that Kiani's time spent living with his family in the past actually exacerbated his symptoms.

Ultimately, Kiani's request for a hearing and/or release is both premature and inadequately supported. The statute contemplates a release hearing only after the medical professionals responsible for Kiani certify that release is appropriate. Because a treatment plan for conditional

release has not yet been developed, that certification has not yet occurred. His motions for release will be denied as premature.

**III.**

Accordingly, it is **ORDERED** that Defendant Kiani's motions for release, ECF Nos. 42, 43, 45, 51, are **DENIED as premature.**

Dated: November 13, 2017  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---